IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

January 29, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| ANGIE COOPER MACKLIN, | ) | C/A NO. 03A01-9807-CV-00232 |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | APPEAL AS OF RIGHT FROM THE |
| v. | ) | KNOX COUNTY CIRCUIT COURT |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| TIMMY RAY MACKLIN, | ) | |
| | ) | HONORABLE GEORGE S. CHILD, |
| Respondent-Appellant. | ) | By Designation |

For Appellant

PATRICK T. PHILLIPS
Knoxville, Tennessee

For Appellee

TRAVIS G. BRASFIELD
Knoxville, Tennessee

O P I N I O N

REVERSED
PETITION DISMISSED
REMANDED

Susano, J.

Following a bench trial, the respondent, Timothy Ray Macklin, was adjudged guilty of criminal contempt for violating an order of protection previously issued at the behest of his wife, the petitioner Angie Cooper Macklin. He was sentenced to ten days in jail, all of which was "suspended pending his not doing anything in the future." The respondent appeals,[1] raising the following issues:

> 1. Whether the evidence is insufficient to support the findings of the court below of guilty of contempt beyond a reasonable doubt.
>
> 2. Whether the conduct complained of constitutes a violation of the order of protection statute.

We find the first issue dispositive.

The petitioner contends that on May 23, 1998 -- after the issuance of the order of protection on March 26, 1998 -- the respondent drove to her mother's house where the petitioner was living, got out of his car, and threw a partially-filled gas can into the yard.[2] The petitioner was not at the house when the incident allegedly occurred -- "[s]ometime after 12:00 noon" on Saturday, May 23, 1998. Shortly after pulling away from the front of the mother's house, the respondent supposedly turned around and again passed in front of the house.

---

[1]The appellee filed a one-paragraph brief in which she states that "she is not resisting the appeal of this matter." While this appears to be tantamount to a confession of error, we have chosen to decide this appeal because a criminal contempt involves an affront to the authority of the court.

[2]The petitioner's mother and the mother's stepdaughter both testified that they saw the respondent; however, their testimony was conflicting on a number of points.

The respondent testified that, at the time of the alleged incident, he was at Norris Lake, some 50 minutes by car from the home of the petitioner's mother. He tendered witnesses to the court to substantiate this alibi. When the respondent actually attempted to call one of these witnesses, the following colloquy occurred:

> MR. PHILLIPS: David Johnson.
>
> THE COURT: Are you putting on more alibis, sir?
>
> MR. PHILLIPS: Yes, sir. I mean, my client wasn't there and didn't do it.
>
> THE COURT: Okay.
>
> MR. PHILLIPS: I don't know of any other way to raise the defense.
>
> THE COURT: I believe your alibi. Do you have anything else?

Shortly thereafter, counsel for the respondent and the trial judge engaged in the following exchange:

> THE COURT: I find that there's a reason for an order of protection.
>
> MR. PHILLIPS: This is a show cause, Your Honor. There is an order of protection down.
>
> THE COURT: All right. I find a reason to find that he has violated the order.
>
> MR. PHILLIPS: Your Honor please, I'd ask to put on my entire defense. I thought you said you believed my alibi.
>
> THE COURT: I believe it, and I also believe what she said. And he will be sentenced to jail for 10 days. It will be suspended pending his not doing anything in the future.

3

It appears that the trial court thought that it was being asked to *issue* an order of protection. This was not the case. The order of protection had been issued some two months earlier. As counsel for the respondent correctly advised the court, the lower court was being asked to find the respondent guilty of criminal contempt based upon his alleged violation of the earlier-issued order of protection.

The respondent's conviction for criminal contempt cannot stand. At *two* places in the record, the trial court said that it believed the respondent's alibi. It is clear, at least in this case, that if the respondent was not at the scene of the incident -- and the trial court twice stated that it believed that he was not -- it is impossible to conclude that a rational trier of fact could find him guilty beyond a reasonable doubt of violating the order of protection. **Black v. Blount**, 938 S.W.2d 394, 399 (Tenn. 1996).

Accordingly, the respondent's conviction for criminal contempt is reversed and the petition dismissed. Costs on appeal are taxed against the appellee. This case is remanded to the trial court for the entry of an order consistent with this opinion, with costs below also being taxed to the appellee.

_____
Charles D. Susano, Jr., J.

4

CONCUR:

_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.